(Stark County Common Pleas.)
## STATE OF OHIO v. AUGUST HAHN.

*Unlawful possession of burglar's tools --Nature of crime—Evidence—*

(1).  The gist of the offense under section 6835 is the possession of burglarious implements commonly used by burglars for entering houses and other places, in order to take therefrom money or property, knowing them to be burglars' tools, coupled with the general intent to so use them. The salient point is the fact of the possession of burglar tools knowing them to be such with the general intent to use them burglariously.

(2).  The use of the tools or implements need not be made by the accused, but may be made through another, he simply being the custodian thereof.

(3).  The state is not required to make proof of any specific intent on the part of the accused to use the tools at any particular time, or in any particular manner, or in any particular place, but proof of the general intent to so use them is sufficient.

(4).  Intent may be shown by proof of the association of the accused with burglars, of his declarations and admissions as to the use of the implements in question, and from other circumstances surrounding the case at the time of his possession of the burglarious tools in question.

(5).  Evidence tending to show possession by the accused of other burglarious tools not named in the indictment at another time and place is admissible as tending to show the character of his possession and his knowledge of the tools and implements described in the indictment, and of his intent in their possession, and such evidence can only be considered for such purposes.

---

TAYLOR, J.

In this case of the State of Ohio against August Hahn, the state prosecutes August Hahn on an indictment charging him with knowingly having in his possession burglar tools, with the intent to use them.

The indictment is based upon section 6835 of the Revised Statutes, and so much of it as is material to this case, reads as follows: "That if any person shall have or keep in his possession any tools, implements or other things used by burglars for house breaking, forcing

doors, windows, locks, buildings, or places where goods, wares, merchandise or money is kept, with the intention of using such tools burglariously, shall be confined in the penitentiary," etc.,

The indictment, charges in substance, omitting the formal parts of it, that August Hahn, late of this county, on or about the 2nd day of March, 1900, in this county, unlawfully did have in his possession certain implements, to-wit: one key nipper, also known as a key plyer, the same being a devise for turning a key in a lock, and seven double steel skeleton keys, also known as lock picks, commonly used by burglars for breaking and entering houses, forcing doors locks, buildings and other places where goods, wares. merchandise and money are kept, with the intent then and there feloniously and burglariously to use and employ the said implements; he the said August Hahn then and there well knowing said implements to be commonly used by burglars for breaking and entering houses, forcing doors, locks, buildings, and other places where goods, wares, merchandise and money are kept, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.

To this indictment, the defendant has entered a plea of "not guilty". This plea puts in issue every material allegation of the indictment. It was all that was necessary for him to do in order to cast the burden of proof upon the state. He is presumed to be innocent, and that presumption follows him all along during the progress of the trial unless overcome by full proof, such as will exclude all reasonable doubt of innocence. It may be overcome by full proof; and when it is overcome by full proof so as to remove it beyond the existence of a reasonable doubt, then that presumption of innocence is gone, and the defendant is no longer entitled to its benefit.

Now, much has been said during the progress of the trial, on the question of reasonable doubt; but counsel for the defendant at one time in the argument of the case, used the expression "beyond any doubt". That is not the rule. It is beyond any reasonable doubt. You see the difference at once between the words "any doubt" and "any reasonable doubt." "Beyond all reasonable doubt" means just what it says. It means a reasonable doubt. It does not mean a captious doubt, an idle or frivolous doubt, a doubt gotten up in the mind of the jury or a juror for the purpose of acquitting; but it means such a reasonable doubt as a reasonable man would have after hearing all the testimony, actuated by the sole desire to do right under his oath. And if any

of you after listening to all of this testimony and argument of counsel and the charge of the court, under the law as the court shall give it to you should have such a reasonable doubt, it is your duty to acquit. But if you do not have such reasonable doubt it is your duty to convict, however unpleasant it may be.

Now what must the state show? It must show that in this county, on or about March 2, 1900, the accused unlawfully had in his possession the tools and implements described in the indictment, and I have read their description. It must show that these tools and implements are commonly used by burglars for breaking and entering houses, buildings and other places where goods,s wares, merchandise or money is kept, unless that is admitted,and it has been admitted on the trial by counsel for the defendant that these tools and implements which have been exhibited to you, are burglar tools, so on that question you will not be bothered. The state must show also that the accused had these tools and implements in his possession with the intention of using them burglariously, or of furnishing and supplying them to be used burglariously. It must also show that he then and there knew that such tools and implements were commonly used by burglars for breaking and entering houses, buildings and other places where goods, wares, merchandise or money is kept. The state must show, beyond a reasonable doubt. that the defendant knew what was in the package obtained by officer Rinehart, as described by the testimony, and that he knew the articles to be burglars' tools; and if it does not so prove to you, beyond a reasonable doubt, that the defendant had such knowledge, then you must render a verdict of acquittal.

The state must also prove to you beyond a reasonable doubt that the defendant had knowledge that said package contained burglars' tools, and had them in his possession with the intent to use them burglariously, or of permitting or supplying them to be so used; and if it has failed to prove such intention beyond a reasonable doubt, you should return a verdict of acquittal.

The mere fact of the finding of the indictment is no evidence of guilt.

Before a person can be prosecuted for a felony in this state, it is required that the grand jury shall return an indictment, and it is upon that indictment that he is tried before a petit jury; and that applies in this case. The mere possession of these tools or of these implements unaccompanied with an intent to use them burglariously or to furnish or permit them to be so used, would not constitute the crime.

Evidence tending to show the possession by the accused of other tools or

implements claimed to be burglars' tools, not named in the indictment, and at another time and place, has been admitted as tending to show the character of his possession and his knowledge of these tools and implements described in the indictment, and can only be considered for such purposes.

The gist of the offense charged in this indictment is the possession of the burglarious implements, commonly used by burglars for entering houses and other places in order to take therefrom money or property, knowing them to be burglars' tools, coupled with a general intent to so use them.

The state does not have to show any specific intent on the part of the accused to use the tools in the way indicated; but the gist of the offense is the possession of such implements with the knowledge that they are burglar tools, coupled with the general intent to either use or furnish or supply them to be used for burglarious purposes. That is, the state is not obliged to show that the accused intended to use them on any particular building, at any particular time, on any particular occasion. But, if he had possession of these tools, did he know they were burglars' tools? And did he have the general intent to use them for that purpose, or to furnish or supply them to somebody else then in his mind, to be used for that purpose. Use of the tools or implements in question does not need by any means to be made by the defendant, but they may be used by some other person or persons with his knowledge or consent and on his furnishing these implements for that purpose.

Now you will notice that the statute does not say "with the intention of committing burglary"; it does not say that this possession shall be such possession and this knowledge should be such that the accused shall have them in his possession with the intention of committing burglary, but with the intention of "using" the said tools and implements "burglariously".

Now suppose the testimony should show in a given case that the accused had these tools in his possession and he knew they were burglars' tools, and that he was supplying them to A tonight for the commission of a burglary, and that he had supplied them to B last night for the same purpose, that he had supplied them to C the night before for the same purpose, are all the people who use these tools anything more than his agents in that respect? They would be guilty of burglary; the fact that they got the tools from the accused would not excuse them for that crime, but if he was furnishing them for that purpose knowingly, and that is what the charge contains here, would he not be

using them burglariously? Using them for that purpose?

It is sufficient for the purposes of this indictment if the accused had the possession of the tools, in this county and state at the time named in the indictment, that he was their custodian, coupled with the knowledge that he knew what the tools were for, and with the general intent to either use them himself or permit them to be used by another in this county and state. Proof of the general intent on the part of the defendant to use the instruments in question burglariously is all that is required so far as the indictment is concerned.

It is immaterial when the implements in question would be put in use. The statute under which the indictment is framed was intended to make the crime of burglary more frequent, and so far as possible to prevent it. It is aimed at that class of criminals who provide themselves with tools and implements to make the commission of the crime of burglary easy, wherever they find an opportunity to do so.

Now, on the question of intent, that is, on the question of the intent with which he had these burglar tools in his possession, and on the question as to whether or not he then knew that these tools were burglars' tools, you may look to his associates, or what the testimony tends to show of his association with burglars; you may look at the circumstances surrounding the case at the time of such possession for the purpose of determining what he knew, if anything, about these tools and what intent he had, if any, in regard to their use. The crime charged in this case is complete when it appears beyond a reasonable doubt that a person is found to be knowingly equipped with and to have in his possession, in the county where the prosecution is instituted, tools and implements adapted and designed for burglarious purposes, he knowing the same to be so, and having a felonious intent to employ them by himself or another for that purpose.

Now I have been asked to say to you that when you come to consider the testimony as to conversations, that you must consider them with great care. I do not know any rule that requires you to consider that class of testimony with a higher degree of care than you are obliged to consider all the testimony in the case. I do say to you, however, that when you come to consider the testimony as to conversations or declarations or admissions that you have a right to look at it in the light of certain infirmities with which it is surrounded.

All the testimony in the case requires at your hands the same degree of care. Some of it may be surrounded with more or less infirmity, and it is in the

light of this infirmity that you are to weigh it. And when you come to consider and weigh the testimony of conversations, or declarations, or admissions, you may look at it in the light of the infirmity that the conversation may have been indistinctly heard, may have been imperfectly recollected, may have been incorrectly detailed on the witness stand; but it requires no higher degree of care for its consideration than any other class of testimony in the case.

Now after looking at all the testimony in the case, in the light of the circumstances, if you are satisfied beyond a reasonable doubt that the accused is guilty, it is your duty to say so. If you are not so satisfied it is your duty to acquit.

When you retire to your jury room you will appoint one of your number foreman, and having agreed upon a verdict you will reduce it to writing, have your foreman sign it, and return with it into court. You may retire.

Robert H. Day, Prosecuting Attorney, for the State of Ohio.

Chas. C. Upham, for Defendant August Hahn.